# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ethel Carol Cleveland Smith, | Case No.: 2:14-cv-00053-JAD-PAL |
| Plaintiff, | |
| v. | **Order Denying Plaintiff's Motion to Remand** [Doc. 9] |
| Ralphs Grocery Company, | |
| Defendant. | |

Nevadan Ethel Carol Cleveland Smith alleges that she slipped and fell on a puddle of water on the floor of a Food 4 Less grocery store in Clark County, Nevada.[1] She sued Defendant Ralphs Grocery Company dba Food 4 Less, "a foreign corporation or entity," in Nevada state court,[2] and Ralphs removed the suit to federal court based on diversity.[3] Smith now asks the Court to remand her case back to state court because Ralphs' denial of her claim suggests that it values her claim at $0 and prevents Ralphs from establishing the $75,000 threshold for diversity jurisdiction.[4] The Court denies the motion to remand because Smith's alleged past and future medical expenses exceed the $75,000 threshold.

---

[1] Doc. 1 at 9.

[2] *Id.* at 8.

[3] *Id.* at 2.

[4] Doc. 9.

**Discussion**

"Federal courts are courts of limited jurisdiction."[5] There is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[6] Therefore the defendant always has the burden of establishing that removal is proper.[7] This burden is usually satisfied if the plaintiff claims a sum more than the threshold requirement.[8] If the amount of plaintiff's claim is unclear, the defendant must prove that it is more likely than not that the jurisdictional amount has been met.[9] Defendants may rely upon facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount-in-controversy.[10] Conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the case.[11]

The defendant does not need to predict the trier of fact's eventual award with certainty.[12] Where the claims added together show that by a preponderance of the evidence the threshold amount is met, the amount in controversy is sufficient to establish jurisdiction.[13] The Ninth Circuit, interpreting Nevada Rule of Civil Procedure 8(a), has added the total of any claims "in excess of $10,000" when assessing whether the amount-in-controversy requirement has been met.[14]

Prior to removal, Smith petitioned the state court to be exempted from its mandatory arbitration program for cases with values under $50,000. In her petition (attached to Ralphs' petition

---

[5]   *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[6]   *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[7]   *Id.*

[8]   *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[9]   *Id.*; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[10]  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[11]  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).

[12]  *Id*.

[13]  *Matheson*, 319 F.3d at 1091.

[14]  *Id.*

for removal[15]), Smith claims she has already accrued medical bills of $48,794.82, and her doctor recommends she undergo a future "anterior cervical discectomy and fusion."[16]  Ralphs suggests that this procedure will cost about $100,000.[17]  She also states that treatment remains ongoing, and she represents that her past and future medical expenses and pain and suffering "will clearly be in excess of the $50,000 limit."[18]  In her complaint, Smith further alleges that her future medical treatment will exceed $10,000, her physical and mental pain and anxiety exceeds $10,000, and that her future loss of income and loss of earnings capacity also exceeds $10,000.  All of these filings *by Plaintiff* were provided by Ralphs in support of its petition for removal.[19]  When Plaintiffs' alleged amounts are combined, they exceed $78,794.82 and thus satisfy the jurisdictional amount in controversy required for this Court's exercise of jurisdiction.[20]  It is of no consequence that Ralphs has denied the claim; were that the touchstone, few cases would meet the threshold amount.

**Conclusion**

Accordingly, for the foregoing reasons it is HEREBY ORDERED that Plaintiff's Motion to Remand **[Doc. 9] is DENIED**.

DATED: June 18, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[15]   *See* Doc. 1 at 16.

[16]   *Id.* at 18.

[17]   Doc. 11 at 6.

[18]   Doc. 1 at 19.

[19]   *See generally* Doc. 1.

[20]   *See* Doc. 1 at 10 & 18.