UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ETHEL CAROL CLEVELAND SMITH,<br><br>　　　　　　　　Plaintiff,<br>v.<br>RALPHS GROCERY COMPANY,<br><br>　　　　　　　　Defendant. | Case No. 2:14-cv-00053-JAD-PAL<br><br>ORDER |

　　　　Before the court is the parties' Stipulation and Proposed Order to Extend Discovery Deadlines (Fourth Request) (Dkt. #35). The undersigned conducted a scheduling conference on November 18, 2014, and granted the parties' third stipulation to extend the discovery deadlines (Dkt # 32), but advised the parties at the hearing that no further extensions would be allowed. See Minutes of Proceedings (Dkt # 33). This was two months after the court conducted a scheduling conference on the parties' second stipulation for an extension of the deadlines and advised counsel that no further extensions would be allowed absent a strong showing of good cause and due diligence. *See* Minutes of Proceedings (Dkt #29).

　　　　In the current stipulation the parties state they still need to complete the depositions of Plaintiff's treating physicians, the depositions of Plaintiff's two experts which are scheduled within the existing discovery cutoff, ongoing document productions, and the depositions of two of Defendants employees. The only discovery Plaintiff has completed to date are initial and supplemental disclosures and written discovery which Defendant has answered. The only discovery Defendant has completed are initial and supplemental disclosures, written discovery, Plaintiff's deposition and an IME of the Plaintiff. The parties request an additional 90 day extension of the discovery plan and scheduling order deadlines because Defendant has now filed

a motion for summary judgment and feels there is a strong chance that it will be granted, and therefore does not want to incur further expenses while the motion is pending.

Courts enter scheduling orders to control their dockets, conserve judicial resources and resolve cases in reasonable periods of time as efficiently as possible. Scheduling orders are not idle pieces of paper that can be cavalierly disregarded. The parties were told no further extensions would be allowed on November 18, 2014 after the court granted the parties' third stipulation to extend the deadlines. A pending motion for summary judgment is not good cause for a fourth extension. Defendant is free to assess whether the cost of the additional discovery it wants is worth the cost in light of counsel's strong belief the motion for summary judgment will be granted. However, the court will not extend the deadlines a fourth time. Discovery closes March 6, 2015.

**IT IS ORDERED** that the parties' Stipulation and Proposed Order to Extend Discovery Deadlines (Fourth Request) (Dkt. #35) is **DENIED, and the deadlines established in the order approving the parties" third extension of the discovery plan and scheduling order deadlines (Dkt #32) shall apply.**

DATED this 10th day of February, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE